IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-19-0172 and |
| SHANNON MARSHALL, | ELH-20-0286 |
| *Defendant*. | |

**MEMORANDUM**

Defendant Shannon Marshall submitted correspondence to the Court in case ELH-19-0172 ("2019 Case"), inquiring about his eligibility for a sentence reduction pursuant to Amendment 821. *Id.*, ECF 40 (the "Motion"). The Motion should have been filed in Case ELH-29-0286 ("2020 Case"), because the 2019 Case was dismissed by the government. *Id.*, ECF 38, ECF 39. At the request of the Court (2019 Case, ECF 42), the government responded. *Id.*, ECF 43; *see also* 2020 Case, ECF 17.[1] On January 25, 2025, the Office of the Federal Public Defender notified the Court that it does not intend to file a supplement to the Motion. 2019 Case, ECF 46.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I.   Background**

On September 24, 2020, in case ELH-20-0286, Marshall entered a guilty plea to a criminal information (*id.*, ECF 1) charging him in two counts with distribution of controlled substances. *Id.*, ECF 5. The government had initially charged Marshall by way of an indictment in case ELH-19-0172. *See id.*, ECF 1 (charging distribution of narcotics resulting in death and distribution of

---

[1] The government properly docketed its filing in both cases. I shall do the same.

narcotics).[2]

The plea was tendered pursuant to a Plea Agreement. 2020 Case, ECF 6. Pursuant to Federal Rule 11(c)(1)(C), the parties agreed to a sentencing range of 156 to 180 months of imprisonment. *Id.* ¶¶ 9, 10. Based on drug quantity, the drug offenses would have resulted in a combined offense level of 14. ECF 6, ¶ 6(c). But, the parties agreed to an upward departure level of 38, pursuant to § 5K2.1 of the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G."), "because the death of G.S. resulted from the Defendant's conduct." *Id.* ¶ 6(d).[3]

Defendant had a criminal history category of III. ECF 8 (Presentence Report), ¶ 37. After deductions for acceptance of responsibility, under U.S.S.G. § 3E1.1, defendant had a final offense level of 35. An offense level of 35, with a criminal history category of III, yields Guidelines ranging from 210 months to 262 months of imprisonment.[4]

On December 22, 2020, the Court sentenced Marshall to concurrent terms of 165 months of imprisonment, followed by three years of supervised release. *Id.*, ECF 15. And, the government moved to dismiss case ELH-19-0172. ECF 38, ECF 39.

## II.    Discussion

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States*

---

[2] It is not clear to the Court why the government chose to initiate an entirely new case, rather than filing the information in the 2019 Case.

[3] The Presentence Report calculated the Guidelines based on the base offense level of 14. ECF 8, ¶¶ 15, 20, 24, 77.

[4] As noted, the offense level was determined in accordance with the Plea Agreement, not based on the drug quantity. But, the Presentence Report prepared Guidelines based on the drug quantity. *See* ECF 8, ¶¶ 15, 20, 24, 77.

*v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the

additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant meets all of the following criteria[.]" U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;

4

>   **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>   **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>   **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>   **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

### B.

As the government points out, "Marshall fails to assert any grounds for relief . . . . Instead, he asks the Court to tell him if any grounds for relief exist." 2019 Case, ECF 43; 2020 Case, ECF

5

17.

As indicated, Amendment 821 amended the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while under a criminal justice sentence; or (b) had zero criminal history points at the time of sentencing. Notably, Marshall was not assigned any status points. *See* 2020 Case, ECF 8 (Presentence Report). So, obviously, there is no change applicable to him with regard to status points. Nor was he a zero-point offender. In fact, Marshall had a criminal history category of III. *Id.* ¶¶ 36, 37.

Therefore, Amendment 821 does not affect Marshall's Guidelines. It follows that Marshall's Guidelines range is not subject to any retroactive change.

For these reasons, I shall deny defendant's Motion. *See* 2019 Case, ECF 40. An Order follows.

Date:   November 17, 2025                            /s/
                                                Ellen L. Hollander
                                                United States District Judge